## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff/Respondent,<br><br>v.<br><br>MICHAEL LEON JOHNSON,<br><br>     Defendant/Petitioner. | Case No. CIV-19-116-RAW<br>(Underlying Case No. CR-17-056-RAW) |

## ORDER

On October 27, 2017, Michael Leon Johnson ("Petitioner") entered a plea of guilty to the one count Indictment, charging him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). At the change of plea hearing, Defendant was represented by counsel. The Government and the United States Magistrate Judge informed Petitioner of the charge against him and the possible punishment, including his status as an Armed Career Criminal and the sentencing enhancement associated therewith. *Docket No. 65, at 7-10*. The Magistrate Judge determined that Petitioner knowingly, intelligently, and willfully pleaded guilty. *Id. at 18-19*.

On March 1, 2018, Petitioner was sentenced to a term of 210 months in the custody of the Bureau of Prisons followed by a 5-year term of supervised release. *Docket No. 55*. At the sentencing hearing, the court inquired of Petitioner and his counsel as to his guilty plea before the Magistrate Judge. *Id.; Docket No. 66, at 22-23*. Petitioner and his counsel confirmed the plea. *Id*. The court affirmed the finding of guilt and acceptance of the plea taken by the Magistrate Judge. *Id*. The court also heard argument from Petitioner's counsel for his motion

for downward variance. *Docket No. 55; Docket No. 66, at 3-22*. The court denied his motion. *Id.* The court found Petitioner subject to the enhanced punishment provisions of 18 U.S.C. § 924(e)(1). *Id.*

Defendant appealed his conviction to the Tenth Circuit Court of Appeals, arguing that this court procedurally erred by refusing to consider his argument for a downward variance relating to the third point for acceptance of responsibility. On January 8, 2019, the Tenth Circuit affirmed this court's judgment, ruling that this court did not commit procedural error by refusing to grant Defendant's motion for downward variance.

Now before the court is Petitioner's first motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed on April 10, 2019 [CR-17-056-RAW, Docket No. 70 and CIV-19-116-RAW, Docket No. 1].[1] The Government filed its Response on December 5, 2019. Petitioner did not file a Reply. Petitioner files his motion *pro se*.[2] Petitioner's motion is timely.[3]

Petitioner lists the following four grounds for relief:

(1) Ineffective assistance of counsel for failure to "argue for any of the many cases similar to [his], that had the same circumstances, but much different outcomes."

---

[1]    As the motion and the files and records of the case conclusively show that Petitioner is entitled to no relief, the court did not hold an evidentiary hearing.

[2]    The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 93 F2d 1106, 1110 (10th Cir. 1991). Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Although the court makes allowances for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," the court may not serve as a *pro se* litigant's attorney or advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall*, 935 F.2d 1110).

[3]    A one-year period of limitation applies to habeas motions. 28 U.S.C. § 2255; *United States v. Ramos*, 150 Fed.Appx. 752, 753 (10th Cir. 2005). In this case, the limitation period ran from the date on which the judgment became final. 28 U.S.C. § 2255(f)(1). As Petitioner filed an appeal but not a petition for a writ of certiorari, the judgment of conviction became final when the time for filing a petition for a writ of certiorari expired. *Ramos*, 150 Fed.Appx. at 753. The time for filing a petition for a writ of certiorari is ninety days after the entry of judgment. *Id.* Petitioner filed his § 2255 motion well within the one-year period of limitation.

Petitioner adds that "the court should construe it [as] whichever one is proper under the circumstances . . . .";

(2) Ineffective assistance of counsel because his conviction was based on "coerced" victim/witness testimony by Tamadra Richardson;

(3) Ineffective assistance of counsel for:

a. Failure to defend Petitioner to the best of counsel's abilities, resulting in an involuntary guilty plea "without the complete understanding of all facts of the criminal proceedings surrounding these current legal proceedings"; and

b. Failure to raise the issue of "The Fruits of the Poisonous Tree" regarding illegal evidence and victim/witness testimony[4]; and

(4) Ineffective assistance of counsel, as Petitioner is "challenging the arrest affidavit" and "waiting on the official and proper paperwork to support this claim."

As to the first ground, the motion is denied. While *pro se* motions are construed liberally, Petitioner does not point to any caselaw, and the court may not serve as his attorney or advocate.

Remaining to be considered are Petitioner's claims regarding the arrest affidavit, victim/witness testimony and whether his plea was made voluntarily. As Petitioner raises ineffective assistance of counsel claims, the Government moved for and the court issued an order finding that he waived the attorney/client privilege between himself and his counsel regarding the ineffective assistance of counsel claims raised in his § 2255 motion. *Docket No. 83*. The Government attached to its Response Affidavits by each of Petitioner's counsel, Mr. Williams, Mr. Widell, and Mr. Derryberry.

To prevail on his claims of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, Petitioner must show both that his counsel's performance was deficient, and that the deficiency

---

[4] This portion of his "ground three" appears to be in conjunction with his "ground two."

3

prejudiced his defense. *Id*. at 687. In other words, he must first show that his counsel's "representation fell below an objective standard of reasonableness." *Id*. at 688.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id*. at 689.

A reviewing court must make every effort "to evaluate the conduct from counsel's perspective at the time." *Id*. Moreover, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. (citation omitted). "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Id*.

If Petitioner gets past the first hurdle, he must then show that the error had an effect on the judgment in his case. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Even if an error had some conceivable effect, that is not enough to set aside a judgment. *Id*. at 693. Instead, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

### *Arrest Affidavit*

As to the fourth ground, Petitioner's motion is denied. Petitioner has had ample time and has not supplemented his motion. Moreover, as the Government argues, any such claim is procedurally barred, as it was not raised on direct appeal. "When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause

excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (citations and internal quotation marks omitted).

Petitioner's counsel moved to suppress the gun, ammunition, any statements by Petitioner, and any evidence recovered as a result of a vehicle search. Petitioner did not appeal the denial of these motions. Petitioner does not allege cause for his failure to raise it on direct appeal. He also has not shown that he suffered any actual prejudice or that a fundamental miscarriage of justice will occur if this claim is not addressed.

To the extent Petitioner intended to argue that his appellate counsel was ineffective for failing to raise any of these issues, his argument fails. His counsel averred that he did not raise these issues on appeal because they were waived by the unconditional guilty plea. Petitioner has not shown that his counsel's performance was deficient. Petitioner has not satisfied the *Strickland* test.

### *Victim/Witness Testimony*

In his second ground for relief, Petitioner argues that his conviction was based on the use of "coerced testimony." Specifically, he objects to the testimony of Ms. Tamadra Richardson, and he complains that she "went from the victim to a witness." Petitioner does not state how or by whom Ms. Richardson was coerced. Of course, victims routinely testify against their assailants. Petitioner is not clear as to why he takes issue with a victim becoming a witness beyond his allegation that she was coerced. In a portion of his third ground for relief, Petitioner argues that his counsel failed to raise the issue of "The Fruits of the Poisonous Tree" regarding illegal evidence presented and the victim/witness testimony. Petitioner does not identify any

5

other "illegal evidence," thus the court construes this as relating to the victim/witness testimony by Ms. Richardson.

As the Government argues, this claim is procedurally barred because Petitioner did not raise it on direct appeal.  Petitioner does not allege cause for his failure to raise it on direct appeal.  He also has not shown that he suffered any actual prejudice or that a fundamental miscarriage of justice will occur if this claim is not addressed.

Furthermore, and perhaps most importantly, Petitioner's conviction was based on his unconditional guilty plea, not on any testimony.  Petitioner has not shown that his counsel's performance was deficient.  Petitioner has not satisfied the *Strickland* test.

### ***Petitioner's Guilty Plea***

Petitioner argues in his third ground for relief that his counsel failed in his obligations to defend Petitioner, which resulted in an involuntary guilty plea without a complete understanding of the facts of the criminal proceedings.  In response to this argument, Petitioner's counsel, Mr. Williams, states:

> Prior to his arraignment on September 20, 2017, I reviewed the charge listed in the Indictment, the possible penalties, and the estimate Guideline ranges with Mr. Johnson. Before the entry of his guilty plea, I again informed Mr. Johnson of the charge in the Indictment, the possible penalties, the estimate Guideline ranges, and the consequences of pleading guilty.  I counseled Mr. Johnson that the decision to plead guilty was solely his. Mr. Johnson voluntarily and knowingly made the decision to plead guilty.

*Docket No. 88-1.*

The change of plea transcript and sentencing transcript show that Petitioner made his guilty plea knowingly, intelligently, and willfully.  *Docket Nos. 65 and 66.*  As the Government argues, Petitioner's claim that he did not have a "complete understanding of all the facts of the criminal proceedings surrounding these current legal proceedings" is not substantiated by the

record.  Again, Petitioner has not shown that his counsel's performance was deficient.  Petitioner has not satisfied the *Strickland* test.

### <u>*Conclusion*</u>

Accordingly, the court hereby dismisses Petitioner's motion [CR-17-056-RAW, Docket No. 70 and CIV-19-116-RAW, Docket No. 1] pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.  Additionally, pursuant to § 2253(c)(2) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, as Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**IT IS SO ORDERED** this 21st day of May, 2020.

*Ronald A. White*

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

7